# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-303(2) (DWF/BRT) |
| | Civil No. 16-2390 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Milton Eugene Ingram | |
| a/k/a Meech, | |
| Petitioner-Defendant. | |

---

Milton Eugene Ingram, Petitioner-Defendant, *Pro Se*.

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Milton Eugene Ingram's ("Petitioner-Defendant") *pro se* motion to correct a clerical error of record in connection to his 2015 sentence pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"). (Doc. No. 560.) The United States of America (the "Government") opposes Petitioner-Defendant's motion. (Doc. No. 563.)

On February 20, 2019, Petitioner-Defendant filed a "Motion Under Fed. R. Crim. P. Rule 36 to Correct Clerical Error of Record." (Doc. No. 560.) Petitioner-Defendant asserts that two of the previous sentences used to calculate his criminal history score were

incorrectly counted separately, resulting in an erroneous additional point. The Government opposes Petitioner-Defendant's motion on two grounds. If, as Petitioner-Defendant alleges, the sentences were improperly added to his criminal history score, the Government notes that that would not be a clerical error *per se* but a substantive mistake that should have been raised on direct appeal. Moreover, the Government contends that no mistake was made in the calculation of Petitioner-Defendant's criminal history score.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

On December 7, 2015, Petitioner-Defendant was convicted of a sole count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1) following entry of a guilty plea on February 17, 2015. (Doc. Nos. 416, 208.) This Court sentenced Petitioner-Defendant to the mandatory minimum sentence of 10 years imprisonment, as well as 5 years of supervised release and a $100 special assessment. (Doc. No. 416.) This sentence was anticipated by the parties, as set forth in the plea agreement, on the basis of an adjusted offense level of 27 (base offense level of 30, minus 3 points for acceptance of responsibility) and a criminal history category of III which resulted in an advisory guideline range of 87 to 108 months; a 10-year (120-month) mandatory minimum penalty applied absent a downward departure for substantial assistance.

This Court previously denied Petitioner-Defendant's motion to set aside, vacate or correct his sentence under 28 U.S.C. § 2255 on the grounds that his counsel did not fail to

provide effective assistance as alleged. (Doc. Nos. 514, 518, 523.) As the Court explained in its analysis of Petitioner-Defendant's earlier motion, "the point for each conviction was properly assigned." (Doc. No. 523 at 7.) While Petitioner-Defendant's allegations differed slightly in his previous motion, this Court's earlier conclusion stands.[1]

## I. Presentence Investigation Report

At the same hearing in which Petitioner-Defendant entered his guilty plea, a Presentence Investigation Report ("PSR") was requested. (Doc. No. 208.) This sealed document was filed on August 28, 2015. (Doc. No. 347.) The PSR was provided to the parties prior to sentencing, and both filed responses accordingly. (Doc. Nos. 378, 384.) The PSR accounted for Petitioner-Defendant's prior sentences in his criminal history, adding one point for each of the sentences in question: the first for Misdemeanor Battery with a date of referral of April 23, 2009, and the second for Misdemeanor Theft with a referral date of June 8, 2009. (PSR ¶¶ 66, 67.) Petitioner-Defendant was sentenced in both matters on August 19, 2009. (*Id.*)

## II. Petitioner-Defendant's Relevant Arrest History

Petitioner-Defendant argues that because his two misdemeanor convictions were "consolidated" for sentencing purposes, they were wrongly counted as separate convictions in the calculations of his criminal history. (Doc. No. 560 at 1.)

---

[1] Petitioner-Defendant's earlier motion focused on alleged actions and omissions of his prior counsel.

3

The Government contends that Rule 36 does not apply to Petitioner-Defendant's argument that his criminal history as recorded in the PSR is incorrect because Petitioner-Defendant alleges that the Court made a substantive error in its calculations, not an error in entry to the record. (Doc. No. 563 at 1.) The Government further maintains that the original calculations reflected in the PSR and Petitioner-Defendant's sentence are accurate and correct. (*Id.*)

Probation and Pretrial Services provided the arrest record used in preparation of the PSR. (Doc. No. 562 Letter to the Court, Attachment 1 Criminal History ("Criminal History").) This record shows that while Petitioner-Defendant was sentenced on the same date in both cases, he was arrested on the Battery charge on April 23, 2009 by one police department, then arrested separately on the Theft charge by a different police department on April 28, 2009. (*Id.* at 1-2.)

## DISCUSSION

### I. Federal Rules of Criminal Procedure, Rule 36. Clerical Error

Rule 36 authorizes a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule does not apply to the present situation because Petitioner-Defendant does not argue that his criminal history score was entered inaccurately, but that it was wrongly calculated altogether.

4

## II. Federal Rules of Criminal Procedure, Rule 35. Correcting or Reducing a Sentence

Petitioner-Defendant's allegations more closely align with the circumstances addressed in Rule 35, which allows for correction of a sentence "that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This rule only permits a court to make such a correction "[w]ithin 14 days after sentencing." (*Id.*)

Here, this limited time is clearly expired, but even if he had timely raised the issue, Rule 35 would not apply for the reason elaborated upon below.

## III. United States Sentencing Commission, Guidelines Manual, §4A1.2(a)(2)

Petitioner-Defendant's criminal history was calculated in his plea agreement, PSR, and sentence in consideration of the Guidelines. Petitioner-Defendant's previous convictions were assigned one point each, in keeping with USSG §4A1.2(a)(2), which instructs that "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." USSG §4A1.2(a)(2). There are two exceptions under this Guideline that permit prior sentences to be counted together: (1) if there is no intervening arrest *and* the sentences resulted from offenses contained in the same charging instrument; (2) if there is no intervening arrest *and* the sentences were imposed on the same day. (*Id.*)

Here, the record reflects that the sentences factored into Petitioner-Defendant's criminal history score were separated by an intervening arrest. Therefore, no exception applies, and Petitioner-Defendant's criminal history score is correct.

## CONCLUSION

Rules 36 and 35 of Federal Criminal Procedure offer Petitioner-Defendant no relief. Rule 36 is not time-barred, but it is inapposite. Rule 35 is time-barred, but as discussed above, it would not have applied to Petitioner-Defendant's circumstances even if timely raised.

The Guidelines set forth the requirements for adding points to a defendant's criminal history score per previous sentence. If "the defendant is arrested for the first offense prior to committing the second offense," as is the case here, the resulting sentences are "always counted separately." USSG §4A1.2(a)(2). The PSR included Petitioner-Defendant's properly calculated criminal history score.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Milton Eugene Ingram's motion under Fed. R. Crim. P. 36 to Vacate, Set Aside, or Correct His Sentence (Doc. No. [560]) is respectfully **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 2, 2019
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge