**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 14-303(2) (DWF/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Milton Eugene Ingram, | |
| Defendant. | |

Milton Eugene Ingram, Defendant, *Pro Se*.

Andrew S. Dunne and Jeffrey S. Paulsen, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

**INTRODUCTION**

This matter is before the Court on Defendant Milton Eugene Ingram's ("Ingram") *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Doc. No. 613 ("Motion").) The United States of America (the "Government") opposes Ingram's Motion. (Doc. No. 620.) For the reasons set forth below, the Court respectfully denies Ingram's Motion.

---

[1] The Court also received and considered Ingram's reply. (Doc. Nos. 621, 622 ("Reply").)

## BACKGROUND

On December 7, 2015, Ingram was convicted of a sole count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1) following entry of a guilty plea on February 17, 2015. (Doc. Nos. 416, 208.) This Court sentenced Ingram to the mandatory minimum sentence of 10 years imprisonment, as well as 5 years of supervised release and a $100 special assessment. (Doc. No. 416.) Ingram is now incarcerated at FCI Oxford in Wisconsin. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed June 10, 2020). According to the Bureau of Prisons ("BOP"), Ingram's release date is May 12, 2023. *Id*.

This Court previously denied Ingram's motion to set aside, vacate or correct his sentence under 28 U.S.C. § 2255 on the grounds that his counsel did not fail to provide effective assistance as alleged. (*See* Doc. Nos. 514, 518, 523.) This Court subsequently denied Ingram's motion to correct a clerical error of record in connection with his 2015 sentence pursuant to Federal Rule of Criminal Procedure 36. (*See* Doc. Nos. 563, 569.)

Ingram now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he suffers from erectile disfunction stemming from a 2018 surgery, his minor child has recently been placed in foster care with a foster mother currently suffering from the COVID-19 virus, and he has a pending lawsuit against the warden and medical staff at FCI Oxford.[2] (Doc. No. 614 ("Def. Memo.") at

---

[2] Ingram argues that since filing his lawsuit, the FCI Oxford warden and staff have retaliated against him. (Reply at 2.)

3-5; *see also* Doc. No. 619 ("Medical Records").) The record reflects that the warden at FCI Oxford denied Ingram's request for compassionate release on April 15, 2020. (Doc. No. 614-1 ("Denial").)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[3] USSG § 1B1.13 ("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the

---

[3]   While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[4]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[5]  *Id.*

While Ingram filed his Motion on the same day the warden at FCI Oxford denied his request for compassionate release, more than 30 days have now lapsed since the Denial.  (*See* Denial; Motion.)  Accordingly, the Court finds that Ingram has exhausted his administrative remedies and his Motion is properly before the Court.[6]

---

[4]  The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  (Statement.)

[5]  While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  See Ross v. Blake, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[6]  The Government does not object to Ingram's Motion on the basis that he failed to exhaust administrative remedies.  (Govt. Opp. at 2 n.1.)

After a careful review of Ingram's Motion, supporting memoranda, and Medical Records, the Court finds that Ingram's circumstances do not meet the demanding standard for compassionate release.[7] Specifically, the Court finds that Ingram's medical complaint is insufficiently extraordinary or compelling to warrant immediate release.[8] According to his most recent BOP medical report, Ingram had "no red flag symptoms" and his condition was expected to resolve over time.[9] (Medical Records at 2.)

---

[7] Although Ingram alleges poor initial medical care, the record reflects that he was ultimately properly treated. (See Reply at 6.)

[8] While Ingram does not argue that his condition makes him uniquely vulnerable to the COVID-19 virus, the Court finds no indication that FCI Oxford would be unable to accommodate him if it did.

Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." See Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed June 10, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (Id.) Current measures also include a 14-day isolation period, and limited group gatherings. See Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed June 10, 2020.

[9] On April 18, 2020, Ingram reported "sharp pain" in his genitalia. (Medical Records at 4.) His Medical Records reflect that his condition stemmed from a 2018 hernia surgery and that he had a "2-year history of occasional pain to right testicle, erectile dysfunction, interrupted urinary stream and feeling like he needs to urinate but then difficulty initiating stream." (Id. at 1.) Ingram did not report "severe pain, fever, chills, nausea, vomiting, foul smelling urine, return of hernia, or redness/swelling to testicles" during his medical visit. (Id.)

Ingram asserts that "as a 28-year old young man not knowing if your private area will ever work again is more than a red flag symptom" and is "a torture and also a problem that seek[s] immediate medical attention." (Reply at 7.) Moreover, Ingram expresses concern over having previously received what he felt was poor care and his

5

Moreover, the Court finds that Ingram's other circumstances do not rise to the level of "extraordinary and compelling" reasons warranting compassionate release. While the Court recognizes Ingram's concern that his child is in foster care with a foster mother who recently suffered from the COVID-19 virus, the record does not reflect that his child is at risk of harm or will not be cared for. Further, the Court finds that Ingram's pending lawsuit against the FCI Oxford warden and staff has no bearing on his instant request; if warranted, the Judge presiding over his lawsuit will fashion appropriate relief.[10]

In short, while the Court recognizes Ingram's concerns, particularly in light of a global pandemic, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release. Accordingly, the Court respectfully denies Ingram's Motion.

## CONCLUSION

For the reasons set forth above, the Court finds that Ingram is ineligible for compassionate release because he does not present an extraordinary and compelling reason to warrant release.

---

belief that he continues to receive poor care. (Id. at 6-7.) While the Court recognizes his concerns, the Court finds that Ingram's condition and his allegation with respect to his care simply fail to meet the high threshold necessary for immediate release.

[10] Because Ingram fails to present "extraordinary and compelling" reasons to warrant release, the Court need not consider the § 3553(a) factors whether he poses danger to the safety of any other person or to the community. See 18 U.S.C. § 3582(c)(1)(A); Statement.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Milton Eugene Ingram's *pro se* Motion for Release (Doc. No. [613]) is respectfully **DENIED**.

Date:  June 11, 2020                              s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge